UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -versus-

NOEL PEREZ,

        Defendant.

17-CR-283 (LAP)

ORDER

---

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Noel Perez's motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i).  (Dkt. no. 374).  For the reasons set out below, the motion is denied.

    I.    Background

        a. Perez's Offense Conduct

    From 2012 until the May 2017 arrests in this case, a violent drug trafficking organization ("DTO") operated on Davidson Avenue between West Tremont Avenue and West Burnside Avenue in the Bronx, New York.  The DTO sold significant quantities of heroin, crack cocaine, powder cocaine, and marijuana, generating substantial profits for its leaders and significant sums for its members.  To prevent other drug-traffickers from selling on their territory, DTO members used violence and the threat of violence.  Members kept guns on their person or hidden nearby and engaged in shootings and assaults toward this end.  Many of the drug dealers working for the DTO

were members of street gangs.  (Presentence Report ("PSR") at ¶¶ 21-22).

Perez was an active member of the DTO, selling drugs on Davidson Avenue day in and day out.  Specifically, as part of the investigation in this case, an undercover law enforcement officer purchased heroin from Perez on multiple occasions throughout 2016.  Of note, on or about July 26, 2016, Perez was arrested near the Davidson Block after law enforcement observed Perez engage in a narcotics transaction.  Following this arrest, Perez, who subsequently pleaded guilty to criminal sale of a controlled substance in the third degree, returned almost immediately to selling narcotics with the DTO.  (PSR at ¶ 28.)

As a result of this conduct, in June 2019, Perez pleaded guilty to participating in a conspiracy to distribute 100 grams and more of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B) and 846.

      b.  Perez's Criminal History

The defendant's criminal history includes, among other earlier convictions, the following: (i) in or about 2004, Perez was convicted of criminal possession of a controlled substance in the seventh degree, and later sentenced to five days' imprisonment; (ii) on or about May 15, 2013, Perez was convicted of grand larceny in the third degree and sentenced to six months' imprisonment; and (iii) as noted above, as a result of

his work as a member of the DTO, on or about September 26, 2016, Perez was convicted of criminal possession of a controlled substance in the third degree.  (PSR at ¶¶ 65-72, 75-77.)

      c.  Perez's Medical Records

Perez, who is 36 years old, reports that in 2001 he suffered a stab wound that punctured his lung.  In his compassionate release motion, he claims that he regularly suffers shortness of breath and cannot sleep through the night.  Perez claims that, due to his condition, he could not be treated with normal antiviral drugs and that, should he contract COVID-19, he would likely not survive.  Notably, at the time of his PSR, Perez reported that he experiences breathing difficulties at times.  (PSR at ¶ 95.)  Perez's medical records do not reference any current health issues, and Perez has not reported any difficulty breathing since his incarceration began in 2017.[1]

      d.  Perez's Request for Release

On June 9, 2020, Perez submitted a request for compassionate release to the Bureau of Prisons.  On June 16, 2020, the Warden denied that request.

II.  Applicable Law

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court "may not modify a term of imprisonment once it has been imposed except" as provided by statute.  As relevant

---

[1] A copy of the defendant's medical records are attached as Exhibit A to the Government's papers.

3

here:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
>
>   (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. The policy statement, which appears at Section 1B1.13 of the Guidelines, provides that a reduction of sentence is permitted if: "extraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13(1)(A); "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3). The Application Notes of § 1B1.13, in turn, describe multiple ways that a defendant can show an "extraordinary and compelling reason," but only one is relevant here:

   (A) Medical Condition of the Defendant.--

4

>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is --
>
>   (I)     suffering from a serious physical or medical condition,
>
>   (II)    suffering from a serious functional or cognitive impairment, or
>
>   (III)   experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.

As the proponent of the motion, the defendant bears the burden of proving "extraordinary and compelling reasons" exist under the above criteria to justify early release. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

   III.   Discussion

As noted above, in seeking compassionate release, Defendant argues that a stab wound he suffered some twenty years ago that punctured his lung causes him breathing and sleeping

5

difficulties.  He asserts, without medical evidence, that this condition prevents his treatment with anti-viral drugs and that if he contracted COVID-19, he would not survive.  This does not constitute "extraordinary and compelling" reasons for release.

As noted above, a defendant's medical condition may justify a sentencing reduction if (a) the defendant has a "terminal illness" or (b) the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is a condition] from which he or she is not expected to recover."  U.S.S.G. section 1B1.13, Application Note 1(A).  Here, Perez's prior injury does not satisfy either condition.  Indeed, although the PSR indicates that he reported breathing problems, his medical records do not reflect that he sought medical care for any breathing difficulties.  Although Perez states in his reply that his complaints were not noted in his medical record, there is still no record of any medical difficulty because of his prior injury.  Accordingly, the Court finds that Perez has not demonstrated an "extraordinary and compelling " condition warranting release.

In addition, the Court notes that the Defendant's three prior convictions did not deter him from major drug-trafficking activity.  Continued incarceration is required to protect the public from further crimes of this Defendant.

IV. <u>Conclusion</u>

For the reasons set out above, Defendant's motion for compassionate release (dkt. no. 374) is denied. The Clerk of the Court shall mail a copy of this order to Mr. Perez.

**SO ORDERED.**

Dated:   August 17, 2020
         New York, New York

*[signature: Loretta A. Preska]*
_____
LORETTA A. PRESKA, U.S.D.J.